# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3063 | **DATE** | 8/18/2000 |
| **CASE TITLE** | Anderson Brothers Moving vs. International Brotherhood | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Local 705's motion is granted. (20-1) Both the Amended Complaint and this action are dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | AUG 21 2000 date docketed | 21 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | 8/18/2000 date mailed notice | |
| | Copy to judge/magistrate judge. | 00 AUG 18 PM 1:54 | | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANDERSON BROTHERS MOVING AND )
STORAGE COMPANY, )
)
)
Plaintiff, )
)
v. ) No. 00 C 3063
)
INTERNATIONAL BROTHERHOOD OF )
TEAMSTERS, LOCAL 705, )
)
Defendant. )

DOCKETED

AUG 21 2000

MEMORANDUM OPINION AND ORDER

Anderson Brothers Moving and Storage Company ("Anderson") has filed an action that charges International Brotherhood of Teamsters Local 705 ("Local 705") with purported violations (1) of the Labor Management Relations Act ("Act"), 29 U.S.C. §187 (which incorporates by reference 29 U.S.C. §158(b)(4)),[1] and (2) of Illinois common law (the latter under the supplemental jurisdiction provisions of 28 U.S.C. §1367(a)). After this Court ruled orally by granting Local 705's Fed. R. Civ. P. ("Rule") 12(b)(6) motion to dismiss the original Complaint, Anderson filed an Amended Complaint ("AC").[2] Then, having done so,

---

[1] Further references to the Act's provisions will take the form "Act §--," using the section numbering within Title 29 rather than the Act's internal section numbers.

[2] No leave of court was required for that filing because Rule 15(a) gives a plaintiff one free bite--the federal equivalent of what used to be the Illinois dog-bite rule at common law--so long as a defendant has not filed a responsive pleading (a concept that does not include a Rule 12(b)(6) motion).

Anderson sought and obtained leave of court to file a short Memorandum of Law ("Memorandum") in support of the AC.

On August 8, 2000 Anderson filed its timely Memorandum in Support of First Amended Complaint, and Local 705 has now filed its very brief (just one page, excluding the caption and counsel's signature) Motion To Strike and Dismiss, asking this Court to strike the Memorandum and to dismiss this action with prejudice. Although Local 705's motion has misunderstood the procedural posture of the case (its counsel says in part that "no amended Complaint was filed," obviously misunderstanding the fact that the AC had already been filed by Anderson before the Memorandum), its substantive position is sound.

In brief, the purported federal claims advanced by Anderson have continued to blur impermissibly the line between the type of secondary boycott activity that is prohibited by Act §158(b)(4)(i) or (ii) and the type of primary activity that is permitted to a union in its labor dispute with an employer. That distinction has been characterized by the Supreme Court in <u>NLRB v. International Longshoremen's Ass'n, AFL-CIO</u>, 473 U.S. 61, 81 (1985) as calling for an inquiry "whether the union's efforts are directed at its own employer on a topic affecting employees' wages, hours or working conditions that the employer can control or, instead, are directed at affecting business relations of neutral employers and are 'tactically calculated' to achieve

2

union objectives outside the primary employer-employee relationship." And in so doing the Court referred back to the careful articulation of that distinction in <u>National Woodwork Mfrs. Ass'n v. NLRB</u>, 386 U.S. 612, 644-45 (1967).

Although the <u>Longshoremen's Ass'n</u> case confirmed that "various linguistic formulae and evidentiary mechanisms we have employed to describe the primary/secondary distinction are not talismanic nor can they substitute for analysis" (473 U.S. at 81), in this instance Anderson's own characterization of Local 705's activity places it clearly on the legal rather than the illegal side of that continental divide.[3] As for Anderson's state law claims, <u>Ehredt Underground, Inc. v. Commonwealth Edison Co.</u>, 90 F.3d 238, 240-41 (7th Cir. 1996) teaches that such claims of interference with contracts are preempted because the charged "activities are in the domain of federal labor law, and state regulation is forbidden whether federal law arguably protects or arguably prohibits the conduct" (<u>id</u>. at 241). Accordingly those claims too are subject to dismissal, and this Court so orders.[4]

---

[3] It simply will not do for Anderson's counsel, in the pursuit of zealous advocacy, to label as "threats" and "attempts to coerce" the statements or conduct by Local 705's representatives that don't fit under that rubric.

[4] Even if this Court's reading of <u>Ehredt</u> were overbroad (as a reference to Judge Easterbrook's discussion demonstrates it is not), Anderson's state law claims would be subject to dismissal under the teaching of <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 726 (1966).

Local 705's current motion is granted. Both the AC and this action are dismissed.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 18, 2000

4